IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

LANON QUINTERO WAGNER,

        Petitioner,　　　　　　　　　　　　OPINION AND ORDER

  v.　　　　　　　　　　　　　　　　　　　　25-cv-237-wmc

WARDEN E. EMMERICH,

        Respondent.
_____

      Petitioner Lanon Quintero Wagner, also known as Wagner Enrique Lanon Quintero ("Lanon Quintero"), is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Lanon Quintero has filed a federal habeas corpus petition under 28 U.S.C. § 2241, arguing that the BOP has incorrectly denied him time credits earned under the First Step Act because a final order of removal has been entered against him. For the reasons explained below, the court will deny the petition and dismiss this case with prejudice.

OPINION

      A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the

1

United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Court records show that petitioner is presently incarcerated as the result of a federal conviction for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii). Petitioner received a sentence of 120 months' imprisonment followed by 60 months of supervised release in that case. *See United States v. Wagner Enrique Lanon Quintero*, No. 8:19-CR-104 (M.D. Fla. July 22, 2019). His projected release date is November 26, 2026.

Petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs"). The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, even if an inmate is eligible to earn FTCs, the BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating

2

that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Documents attached to the petition show that petitioner was served with an "order of removal (form I-860)" following an interview with a deportation officer. (Dkt. #1-2, at 6.) Therefore, even though petitioner has been earning FTCs for participating in institutional programming, he is not eligible to have those credits applied to his sentence.

Petitioner disputes that there is a "final" order of removal, and argues that the FTCs he has earned should apply to his sentence. However, this contention is refuted by additional documents attached to the petition, which show that when petitioner raised this argument during the administrative remedy process, prison officials found that a final order of removal had issued by Immigration and Customs Enforcement ("ICE"). (Dkt. #1-2, at 7.) The warden at FCI-Oxford also considered petitioner's argument and confirmed that a final order of removal was "completed and signed off by a Deportation Officer" on October 31, 2024. (*Id*. at 10.) When petitioner appealed that result, a regional director with the BOP also confirmed that ICE had issued a detainer against him, indicating that a final order of deportation had been entered. (*Id*. at 12.)

Petitioner argues that his order of removal "doesn't have any validity" because it was not properly served on him. (Dkt. #1, at 1.) Any challenge to the validity of a removal order is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241; rather a petition for review with the court of appeals for the judicial circuit in which the immigration judge who completed the proceedings "shall be the sole and exclusive means

3

for judicial review[.]" 8 U.S.C. §§ 1252(a)(5), 1252(b)(2). Based on this record, petitioner fails to show that his sentence has been calculated incorrectly or that he is entitled to relief under 28 U.S.C. § 2241. Therefore, his petition must be denied.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed by Lanon Quintero Wagner, also known as Wagner Enrique Lanon Quintero (dkt. #1), is DENIED and this case is DISMISSED with prejudice.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 12th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge